KIRSCH v.
O'KEEFE, RECEIVER OF N. O. RAILWAY
& LIGHT CO.

---

(March 26, 1928. Opinion and Decree.)
(April 23, 1928. Rehearing Refused.)

---

(*Syllabus by the Court*)

1. Louisiana  Digest—Automobiles — Par. 7c; Street and Interurban Railways— Par. 29, 31.
Where a brewery wagon traveling on the rails of a street car track, suddenly veers over to the right and in front of a street car moving on a parallel track at a time when the street car is not more than twenty-five feet distant, the street railway company is not liable for damages, for personal injuries to the driver of the brewery wagon due to a resulting collision, under the doctrine of the last clear chance. It is immaterial whether the speed of the car was moderate, and customary, or excessive and unusual, since in either event there was not time to stop the car and avoid the accident.

Appeal from the Civil District Court, Div. "A." Hon. Hugh C. Cage, Judge.

Action by Henry G. Kirsch against J. D. O'Keefe, Receiver of N. O. Railway & Light Co., et al.

There was judgment for plaintiff and defendant appealed.

Judgment reversed.

M. C. Scharff, of New Orleans, attorney for plaintiff, appellee.

Edward Rightor, of New Orleans, attorney for Intervenor.

Ben W. Kernan, of New Orleans, attorney for defendant, appellant.

WESTERFIELD, J. Plaintiff, while driving a brewery wagon, was struck in the rear by a street car, operated by defendant company, and injured. He sues for damages. The accident occurred in Tchoupitoulas Street, between General Pershing Street and Napoleon Avenue. There are two car tracks on Tchoupitoulas Street, one used by cars going in the direction of Carrollton Avenue or uptown and the other used by cars traveling toward Canal Street or downtown. Plaintiff was driving up Tchoupitoulas Street on the down track. He attempted to cross over to the up track and his hind wheels caught in a cross switch, delaying him and throwing his

wagon sideways, with the result that a car going uptown struck his wagon in the rear and knocked him off his seat, throwing him to the ground and injuring him.

The negligence charged is based upon the open switch and the allegation that the motorman had ample opportunity to stop his car after observing plaintiff's danger, or in other words the last clear chance to avoid the accident.

The switch, we are convinced, caused the accident, but its mere presence is not negligence per se. It is said that the switch was open. We are not advised that this type of switch is ever locked, or closed. Plaintiff was driving uptown on a car track used for down travel by the street cars. The traffic ordinance is not in evidence, therefore we refrain from comment as to the propriety of driving uptown on the left hand side of the roadway. However, it is fair to observe that if plaintiff had driven on defendant's track in the direction of the current of traffic, instead of against it, the switch would not have been engaged by his wheels and his line of progress diverted toward the upcoming street car. Besides, if the switch was open, it was apparent to plaintiff, who was familiar with the locality, and should have taken some step or made some effort to avoid enmeshing his wheels. He could have driven off the track, for example, and straddled the rails with his wheels.

Nor do we believe there was opportunity to avoid the accident when the motorman saw, or when he should have seen, plaintiff's predicament. In the first place it was not to be expected that a wagon traveling upon the parallel track would suddenly veer toward, and across, his path. There was therefore no reason for the motorman to guard against this possibility. When the wagon did appear in his path, he was but 25 feet, or less, away from it. Too short a distance to stop his car whether he was running at the unusual speed, or extraordinarily fast, as plaintiff contends.

For the reasons assigned the judgment appealed from is reversed and it is now ordered that there be judgment in defendant's favor dismissing plaintiff's demand.